# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBEN DARIO GARCIA, CDCR #J-73373,<br><br>         Plaintiff,<br><br>vs.<br><br>R. BLAHNIK; E. ESTES; R. OLSON; J. RAMIREZ; K.A. SEIBEL; J. CARIMAN; E. BENYARD; S. RUTLEDGE; A.D. FLORES, Sr.; C. HERNANDEZ; E. MENDOZA; W. CANADA; and JHON/JANE DOES 1-5,<br><br>         Defendants. | Civil No. 14cv0875 LAB (BGS)<br><br>**ORDER:**<br><br>**(1) GRANTING PLAINTIFF LEAVE TO PROCEED** *IN FORMA PAUPERIS* **[Doc. Nos. 2, 3]**<br><br>**AND**<br><br>**(2) DIRECTING U.S. MARSHAL TO EFFECT SERVICE OF COMPLAINT PURSUANT TO FED.R.CIV.P. 4(c)(3) AND 28 U.S.C. § 1915(d)** |

  Ruben Dario Garcia ("Plaintiff"), who is currently incarcerated at Richard J. Donovan Correctional Facility ("RJD") in San Diego, California, and proceeding pro se, has filed a civil rights complaint ("Compl.") pursuant to 42 U.S.C. § 1983 (Doc No. 1).

  Plaintiff claims Defendants, all RJD correctional officials, conspired against him on multiple occasions between April 2012 and August 2013, by charging him with disciplinary violations, failing to process his inmate grievances, and suspending his privileges on the Men's Advisory Counsel, in order to retaliate against him for exercising

his First Amendment right to petition for redress. *See* Compl. at 5-18, 19-21. Plaintiff seeks injunctive relief as well as general and punitive damages. *Id.* at 25.

Plaintiff has not prepaid the civil filing fee; instead he has filed a Prison Certificate of Funds and certified copies of his trust account statements, which the Court construes as a request to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) (Doc. Nos. 2, 3).

## I.   MOTION TO PROCEED IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400. *See* 28 U.S.C. § 1914(a).[1] An action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, a prisoner granted leave to proceed IFP remains obligated to pay the entire fee in installments, regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Under 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act ("PLRA"), a prisoner seeking leave to proceed IFP must submit a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the six-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of

---

[1] In addition to the $350 statutory fee, all parties filing civil actions on or after May 1, 2013, must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule) (eff. May 1, 2013). However, the additonal $50 administrative fee is waived if the plaintiff is granted leave to proceed IFP. *Id.*

the preceding month's income, in any month in which the prisoner's account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2).

Plaintiff has submitted a certified copies of his trust account statement pursuant to 28 U.S.C. § 1915(a)(2) and S.D. CAL. CIVLR 3.2. *Andrews*, 398 F.3d at 1119. The Court has reviewed Plaintiff's trust account statement, as well as the prison certificate issued by a senior accounting officer at RJD verifying his available balances, and has determined that while he has had an average monthly balance of $26.67 and average monthly deposits of $16.67 in his account during the 6-month period preceding the filing of this action, Plaintiff has no available funds from which to pay an initial partial filing fee at this time. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay . . . due to the lack of funds available to him when payment is ordered.").

Therefore, the Court **GRANTS** Plaintiff leave to proceed IFP (Doc. Nos. 2, 3) and assesses no initial partial filing fee per 28 U.S.C. § 1915(b)(1). However, the entire $350 balance of the filing fees mandated will be collected by the CDCR and forwarded to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

**II.    SCREENING PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)**

The PLRA also requires that the Court review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Under these statutes, the Court must sua sponte dismiss

1  complaints, or any portions thereof, which are frivolous, malicious, fail to state a claim,
2  or which seek damages from defendants who are immune. *See* 28 U.S.C.
3  §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000)
4  (en banc) (§ 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010)
5  (discussing 28 U.S.C. § 1915A(b)).

6  "[W]hen determining whether a complaint states a claim, a court must accept as
7  true all allegations of material fact and must construe those facts in the light most
8  favorable to the plaintiff." *Resnick v. Hayes,* 213 F.3d 443, 447 (9th Cir. 2000); *see also*
9  *Barren v. Harrington,* 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that § 1915(e)(2)
10  "parallels the language of Federal Rule of Civil Procedure 12(b)(6)"). In addition, courts
11  "have an obligation where the petitioner is pro se, particularly in civil rights cases, to
12  construe the pleadings liberally and to afford the petitioner the benefit of any doubt."
13  *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773
14  F.2d 1026, 1027 n.1 (9th Cir. 1985)). The court may not, however, "supply essential
15  elements of claims that were not initially pled." *Ivey v. Board of Regents of the*
16  *University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

17  As currently pleaded, the Court finds Plaintiff's First Amendment retaliation
18  claims are sufficient to survive the sua sponte screening required by 28 U.S.C.
19  §§ 1915(e)(2) and 1915A(b).[2] *See Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir.
20  2005) ("Within the prison context, a viable claim of First Amendment retaliation entails
21  five basic elements: (1) An assertion that a state actor took some adverse action against
22  an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4)
23  chilled the inmate's exercise of his First Amendment rights, and (5) the action did not
24  reasonably advance a legitimate correctional goal.").
25  / / /

26  ───────────────

27  [2] Plaintiff is cautioned that "the sua sponte screening and dismissal procedure is cumulative of, and not a substitute for, any subsequent Rule 12(b)(6) motion that [a
28  defendant] may choose to bring." *Teahan v. Wilhelm*, 481 F. Supp. 2d 1115, 1119 (S.D. Cal. 2007).

Accordingly, the Court will direct U.S. Marshal service on Plaintiff's behalf. *See* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [IFP] cases."); FED.R.CIV.P. 4(c)(3) ("[T]he court may order that service be made by a United States marshal or deputy marshal . . . if the plaintiff is authorized to proceed *in forma pauperis* under 28 U.S.C. § 1915.").

### III. CONCLUSION AND ORDER

Good cause appearing, **IT IS HEREBY ORDERED** that:

1. Plaintiff is **GRANTED** leave to Proceed IFP pursuant to 28 U.S.C. § 1915(a) [Doc. Nos. 2, 3].

2. The Secretary of the CDCR, or his designee, shall collect from Plaintiff's prison trust account the $350 filing fee owed in this case by collecting monthly payments from the account in an amount equal to twenty percent (20%) of the preceding month's income and forward payments to the Clerk of the Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3. The Clerk of the Court is directed to serve a copy of this Order on Jeffrey A. Beard, Secretary, California Department of Corrections and Rehabilitation, P.O. Box 942883, Sacramento, California, 94283-0001.

**IT IS FURTHER ORDERED** that:

4. The Clerk is **DIRECTED** to issue a summons as to Plaintiff's Complaint (Doc. No. 1) upon Defendants and forward it to Plaintiff along with a blank U.S. Marshal Form 285 for each Defendant. In addition, the Clerk is directed provide Plaintiff with a certified copy of this Order and a certified copy of his Complaint (Doc. No. 1) and the summons so that he may serve each named Defendant.[3] Upon receipt of this "IFP

---

[3] Plaintiff must, of course, identify the persons he currently lists only as "Jhon/Jane Does 1-5," whom he currently identifies only as "correctional officers" at RJD, by their true names and substitute those individual persons by amending his Complaint to identify each of these parties before the United States Marshal will be able

Package," Plaintiff is directed to complete the Form 285s as completely and accurately as possible, and to return them to the United States Marshal according to the instructions provided by the Clerk in the letter accompanying his IFP package. Upon receipt, the U.S. Marshal is **ORDERED** to serve a copy of the Complaint and summons upon each Defendant as directed by Plaintiff on the USM Form 285s. All costs of service will be advanced by the United States. *See* 28 U.S.C. § 1915(d); FED.R.CIV.P. 4(c)(3).

5. Defendants are thereafter **ORDERED** to reply to Plaintiff's Complaint within the time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a). *See* 42 U.S.C. § 1997e(g)(2) (while a defendant may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983," once the Court has conducted its sua sponte screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and thus, has made a preliminary determination based on the face on the pleading alone that Plaintiff has a "reasonable opportunity to prevail on the merits," the defendant is required to respond).

6. Plaintiff must serve upon the Defendants or, if appearance has been entered by counsel, upon Defendants' counsel, a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff must include with the original paper to be filed with the Clerk of the Court a certificate stating the manner in which a true and correct copy of the document was served on Defendants, or counsel for

---

to execute service upon any of them. *See* Compl. at 4; *Aviles v. Village of Bedford Park*, 160 F.R.D. 565, 567 (1995) (Doe defendants must be identified and served within 120 days of the commencement of the action against them); FED.R.CIV.P. 15(c)(1)(C) & 4(m). Generally, Doe pleading is disfavored. *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). And when the plaintiff proceeds IFP, it is in most instances impossible for the United States Marshal to serve a summons and complaint upon a party identified only as a Doe. *See Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994) (in order to properly effect service under Rule 4 in an IFP case, the plaintiff is required to "furnish the information necessary to identify the defendant."). However, the Court will not dismiss Plaintiff's claims against the Doe Defendants at this time because where the identity of an alleged party is not known prior to filing of an action, Ninth Circuit authority permits plaintiff the opportunity to pursue appropriate discovery to identify the unknown Does, unless it is clear that discovery would not uncover their identities, or that his Complaint should be dismissed for other reasons. *See Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (citing *Gillespie*, 629 F.2d at 642).

1 Defendants, and the date of such service. Any paper received by the Court which has not
2 been filed with the Clerk or which fails to include a Certificate of Service will be
3 disregarded.

DATED: August 29, 2014

*[signature]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge