UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBEN DARIO GARCIA, Jr., <br><br> Plaintiff, <br><br> v. <br><br> R. BLAHNIK, et al., <br><br> Defendant. | Civil No. 3:14-CV-875 LAB (BGS) <br><br> **REPORT AND RECOMMENDATION: GRANTING DEFENDANTS' MOTION TO DISMISS** <br><br> [Doc. No. 21] |

This Report and Recommendation is submitted to United States District Judge Larry A. Burns pursuant to 28 U.S.C. § 636(b)(1) and Local Civil Rule 72.3.

## I. INTRODUCTION

Plaintiff Ruben Dario Garcia, Jr., ("Plaintiff"), a prisoner currently incarcerated at R.J. Donovan Prison, is a litigant proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. [Complaint at 1, ECF No. 1 ("Compl.").][1] Plaintiff filed a complaint alleging causes of action against Defendants Blhanik, Estes, Olsen, Ramirez, Seibel, Cariman, Benyard, Rutledge, Flores, Hernandez, Mendoza, and Canada in each of their individual and official capacities for: (1) retaliation in violation of the First Amendment [*Id.* at 5]; (2) denying his right to equal protection under the California

---

[1] Page numbers for docketed materials cited in this Report and Recommendation refer to those imprinted by the Court's electronic case filing system.

State Constitution, Article I, Section 7 [*Id.* at 22]; and (3) violation of the California Code of Regulations, section 3084.1(d), and Penal Code section 2600, which prohibits retaliation for filing inmate appeals. [*Id.*] Plaintiff further alleges that Defendant Blhanik violated his right to privacy under the California Constitution by allowing prisoner-clerks to copy his legal materials, rather than allowing Plaintiff to make the copies himself. [*Id.* at 7, 9, 22-23.]

The present motion to dismiss solely concerns Plaintiff's state law claims and stems from his failure to file a Government Claim with the Victims Compensation and Government Claims Board ("VCGCB"). [Motion to Dismiss at 2, ECF No. 20-1 ("Mot. to Dis.").] For the reasons set forth below, this Court **RECOMMENDS** that Defendants' Motion to Dismiss be **GRANTED**.

## II. PROCEDURAL BACKGROUND

On April 11, 2014, Plaintiff filed a Complaint, and Defendants moved ex parte to request additional time to respond in order to investigate whether Plaintiff had filed a Government Claim. [Compl. at 1; ECF Nos. 2-3, 18.] The Court granted Defendants' request and extended Defendants' time to respond to the Complaint. [ECF No. 19.] Following their investigation, Defendants filed the instant Motion to Dismiss Plaintiff's state law claims pursuant to Fed. R. Civ. P. 12(b)(6) after determining that Plaintiff never filed a Government Claim. [ECF No. 20.] Plaintiff did not file an opposition or any other response to Defendants' Motion to date.[2]

## III. DEFENDANTS' MOTION TO DISMISS

Defendants contend that Plaintiff failed to exhaust his remedies under the Government Claims Act, which requires that a claim against a public entity or its employees be presented to the VCGCB no more than six months after the cause of action accrues. *See* Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950-950.2; [Mot. to Dis. at 5.] Defendants argue that presentation of a written claim and action on or rejection of the claim are conditions precedent to suit. [Mot. to Dis. at 5.] Defendants contend that Plaintiff has only

---

[2]Under Civil Local Rule 7.1.f.3.c if an opposing party fails to file the papers in the manner required by Civil Local Rule 7.1.e.2, that failure may constitute a consent to the granting of a motion or other request for ruling by the court.

filed two Government Claims since February 2012, and neither made allegations against any of the Defendants in this action, nor did they relate to the allegations in the Complaint. [*Id.* at 6.] Thus, Defendants posit that Plaintiff has failed to comply with the Government Claims Act, therefore his state law claims of violation of privacy, violation of the Equal Protection Clause of the California Constitution, and violation of the California Penal Code and Code of Regulations should be dismissed. [*Id.*]

## IV. STANDARD OF REVIEW

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for motions to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In considering a motion to dismiss pursuant to Rule 12(b)(6), the court must accept as true the allegations of the complaint in question, *Erickson v. Pardus*, 551 U.S. 89 (2007), and construe the pleading in the light most favorable to the plaintiff. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969); *Meek v. County of Riverside*, 183 F.3d 962, 965 (9th Cir. 1999). A claim upon which the court can grant relief must have facial plausibility. *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Attachments to a complaint are considered to be part of the complaint for purposes of a motion to dismiss for failure to state a claim. *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n. 19 (9th Cir. 1990).

A motion to dismiss for failure to state a claim should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). In general, pro se pleadings are held to a less stringent standard than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The court has an obligation to construe such pleadings liberally. *Bretz v. Kelman*, 773 F.2d 1026, 1027 n. 1 (9th Cir. 1985) (en banc). The court's liberal interpretation of a pro se complaint however, may not supply essential elements of the claim that were not pled. *Ivey v. Bd. of Regents of*

*Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

## V. ANALYSIS

**A. Exhaustion under the California Tort Claims Act**

*1. Legal Standard*

The California Tort Claims Act requires that any state law tort claim made against a public entity or its employees first be presented to the California VCGCB, formally known as the State Board of Control, no more than six months after the cause of action accrues. Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950-950.2 (West 2007). Before filing suit in state or federal court, a written claim must be made to the Board, and the Board must take action or reject the claim. *State v. Superior Court of Kings County (Bodde)*, 32 Cal.4th 1234, 1245 (2004); *Mangold v. Cal. Pub. Utilities Comm'n,* 67 F.3d 1470, 1477 (9th Cir.1995). Accordingly, to state a California Tort Claims Act claim under 42 U.S.C. § 1983, Plaintiff must allege compliance with the Act's exhaustion requirements. *Mangold*, 67 F.3d at 1477; *Parthemore v. Col*, 221 Cal. App. 4th 1372, 1376 (2013) ("Plaintiff's obligation to exhaust the administrative remedies available to prisoners concerning the medical treatment they receive is independent of the obligation to comply with the Government Claims Act.").

If a civil complaint does not affirmatively allege compliance with the claim presentation requirements, or allege facts showing the applicability of a recognized exception or excuse for noncompliance, it must be dismissed. *State v. Superior Court*, 32 Cal.4th 1234, 1242-43 (2003); *Karim-Panahi v. Los Angeles Police Dept*., 839 F.2d 621, 627 (9th Cir.1988). In fact, the Ninth Circuit has expressly held that compliance with California's Tort Claims Act is a substantive element of any pendent state law cause of action against the State or its employees. *See U.S. v. California*, 655 F.2d 914, 918 (9th Cir. 1980) (holding that claim filing statutes are the appropriate law and that plaintiff United States failed to file in time). The fact that Plaintiff's claims are alleged under the California Constitution as opposed to traditional tort claims does not excuse Plaintiff from complying with the Government Claims Act. *Walker v. Cal. Dep't of*

*Corr.*, No:209-cv-0568 WBS KJN, 2014 U.S. Dist. LEXIS 7895 (E.D. Cal. Jan 21, 2014) (holding plaintiff must exhaust privacy claim under California Constitution to state a claim for relief); *Arocha v. Sauceda*, No. 2:11-cv-2959 LKK KJN P, 2013 U.S. Dist. LEXIS 178480 * 27-28 (E.D. Cal. Dec. 19, 2013) (same).

### *2. Application to Plaintiff's Complaint*

Plaintiff alleges violations of state law, including a violation of privacy, violation of the Equal Protection Clause of the California Constitution, and violation of the California Penal Code and Code of Regulations.  [Mot. to Dis. at 5.]  Defendants argue that Plaintiff is barred from pursuing his state law claims because he did not allege compliance with the Government Claims Act.  [*Id.* at 6.]  Moreover, even if Plaintiff's complaint alleged compliance, Defendants' posit that their motion to dismiss still prevails because he never actually filed a claim with the VCGCB.  [*Id.*]

In support of this argument, Defendants rely on the declaration of G. Brooks, custodian of records for the VCGCB.  [Decl. of G. Brooks, Custodian of Records, VCGCB's Government Claims Program at 1., ECF No. 20-3 at ("Decl.") .]  G. Brooks avers that Plaintiff has only filed two claims with the VCGCB since February 17, 2012. [Decl. at 2.]  A search of the VCGCB's records revealed the following: (1) "Claim number G 615053, which claimed an incident date June 4, 2012, and contained allegations against doctors and medical professional for failure to provide medical treatment;" and (2) "Claim number G 617143, which claimed an incident dated January 4, 2013, and contained allegations of improper withdrawal from the claimant's trust account." [*Id.*]  Neither claim is related to the allegations in the instant complaint against any of the Defendants in this action, nor did the facts of the VCGCB claims relate to any of the allegations in the instant matter.

In ruling on a motion to dismiss brought pursuant to Rule 12(b)(6), the Court may take judicial notice of "matters of public record" pursuant to Federal Rule of Evidence 201. *Mack v. S. Bay Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Defendants' filed a request for judicial notice in support of the present motion.

Consequently, this Court takes judicial notice of the documents attached to G. Brook's declaration as they are matters of public record. [ECF No. 20-2 at 1.]

Accordingly, Plaintiff has not met his burden to allege compliance with the Government Claims Act procedures in his complaint, nor has he demonstrated that he filed a relevant claim with the VCGCB. For these reasons, Plaintiff's state law claims should be dismissed without prejudice.

## VI. CONCLUSION

Having reviewed the matter, the undersigned Magistrate Judge recommends that Defendant's Motion to Dismiss be **GRANTED** and these claims be **DISMISSED without prejudice but without leave to amend**.

**IT IS HEREBY ORDERED** that no later than **April 24, 2015** after receiving a copy of this Report and Recommendation, any party to this action may file written objections with the Court and serve a copy on all parties. This document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties within **ten days** of being served with the objections.

Defendant must also serve this REPORT and RECOMMENDATION on Plaintiff at his last known address and file the Proof of Service with the Court.

IT IS SO ORDERED.

DATED: April 7, 2015

Hon. Bernard G. Skomal
U.S. Magistrate Judge
United States District Court