1

2

3

4

5

6

7

8 **UNITED STATES DISTRICT COURT**

9 **SOUTHERN DISTRICT OF CALIFORNIA**

10

11 RUBEN DARIO GARCIA, Jr.,        CASE NO. 14cv00875-LAB (BGS)

12                      Plaintiff,      **AMENDED ORDER ADOPTING**
          **REPORT AND RECOMMENDATION**

13     vs.

    R. BLAHNIK, et al.,

14

                   Defendants.

15

16       The Court's order adopting Magistrate Judge Skomal's report and recommendation

17 (Docket no. 26) included a scrivener's error. Pursuant to leave granted by the Ninth Circuit

18 (Docket no. 34), the clerk is **DIRECTED** to replace it with this document and to remove

19 clerk's judgment (Docket no. 27) from the docket. These modifications don't alter the Court's

20 order revoking *in forma pauperis* status for appeal. (Docket no. 32.)

21       Judge Skomal issued his report and recommendation (R & R) pursuant to 28 U.S.C.

22 § 636 on Defendants' motion to dismiss Plaintiff Ruben Dario Garcia, Jr.'s state law claims,

23 recommending that the Defendants' motion be granted.

24 **I.    Background**

25       Garcia is a prisoner incarcerated at R. J. Donovan Prison. (Docket no. 1.) He

26 proceeds pro se in this civil rights action filed under 42 U.S.C. § 1983. (*Id.*) He alleges

27 causes of action against various prison officials for: (1) retaliation in violation of the First

28 Amendment (*id.* at 5); (2) denying his right to equal protection under the California State

1 Constitution, Article I, § 7 (*id.* at 22.); and (3) violation of the California Code of Regulations

2 Title 15, §§ 3084.1(d), 3160(a), 3141(a), and Penal Code 2600. (*Id.* at 19–22.)

3       After determining that Garcia never filed the required Government Claim, Defendants

4 filed a motion to dismiss his state law claims pursuant to Fed. R. Civ. P. 12(b)(6). (Docket

5 no. 20.) Garcia didn't file an opposition. Judge Skomal issued an R & R recommending this

6 Court grant the Defendants' motion since the record adequately supported Garcia's failure

7 to properly file a Government Claim with the Victims' Compensation and Government Claims

8 Board (VCGCB) as required by California law. (Docket no. 21.) Garcia then filed his objection

9 to the R & R. (Docket no. 25.)

10 **II.    Legal Standard**

11       A district court has jurisdiction to review a Magistrate Judge's report and

12 recommendation on dispositive matters.  Fed. R. Civ. P. 72(b). A district judge "may accept,

13 reject, or modify the recommended decision" on a dispositive matter prepared by a

14 magistrate judge proceeding without the consent of the parties for all purposes.  Fed. R. Civ.

15 P. 72(b); *see also* 28 U.S.C. § 636(b)(1).  "The court shall make a de novo determination of

16 those portions of the [report and recommendation] to which objection is made."  § 636(b)(1);

17 *see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) ("The

18 statute makes it clear that the district judge must review the magistrate judge's findings and

19 recommendations de novo if objection is made, but not otherwise.").

20 **III.    Discussion**

21       The R & R discusses the factual and procedural history of this case.  It's repeated

22 here only as necessary to respond to Garcia's objections.

23       Garcia broadly objects to the R & R and asks the Court to only consider the facts and

24 causes of action as they are alleged in the original complaint and ignore the R & R's and

25 Defendants' restatement of them. (Docket no. 20 at 3). He makes only four *specific*

26 objections. First, Garcia objects to the R & R's presentation of the case, stating that "[b]y any

27 comparement [sic] made it becomes obvious that the Magistrate and Defendants have

28 omitted/mis-represented Plaintiff [sic] actual claims to the Court." (Docket no. 25 at 3, 7–9.)

1   Second, he objects to the R & R's finding that failure to allege compliance with the

2   Government Claims Act or to file a Government Claim with the VCGCB supports the

3   Defendants' motion to dismiss. (*Id.* at 4, 18–20.) Third, Garcia objects to the R & R's

4   recitation that, under the Civil Local Rules, his failure to respond to the motion to dismiss may

5   constitute consent to grant the motion. (Docket no. 25 at 9–13; *see also* Docket no. 21 at 2

6   n. 2.) Finally, Garcia objects to the R & R's statement of the controlling legal standard of

7   review for the Defendants' motion to dismiss, contending it denies him fair consideration by

8   the Court on the merits of his objections. (Docket no. 25 at 14–17.)

9           **A.      The R & R's Presentation of Alleged Facts and Causes of Action**

10          Garcia objects to the R & R's presentation of the facts and causes of action alleged,

11   claiming it "misconstrued those actual facts presented by the operative complaint in support

12   of those causes of action made against Defendants, and/or falsely attributes statements of

13   fact to Plaintiff which fail to be supported by the record." (Docket no. 25 at 7.)

14          Specifically, he states that a review of the R & R will show that Judge Skomal

15   "attributes the following statement of facts to the Plaintiff: '. . . Plaintiff further alleges that

16   Defendant Blahnik violated his right to privacy under the California Constitution by allowing

17   prisoner-clerks to copy his legal materials, rather than allowing Plaintiff to make the copies

18   himself.'" (Docket no. 25 at 7.) He argues the mere fact that this statement is not explicitly

19   in the original complaint shows the Magistrate's inclination "to attribute falsely statement [sic]

20   not presented by the operative complaint to Plaintiff" and "to mislead the Court." (*Id.* at 9.)

21          But, this quoted language merely paraphrases Garcia's complaint. (*See* Docket no.

22   1 at 22) ("Blahnik by taking possession of plaintiff's legal papers and handing such to Law

23   Library Inmate Clerk's [sic] to be taken to a secluded and hiden [sic] area to be duplicated

24   by way of copier machine . . . stand in violation of plaintiff [sic] vested civil right of

25   confidentially given these papers . . . are protected under Plaintiff's privacy rights . . . ").

26   More importantly, in the sentence immediately preceding the one Garcia cites, the R & R

27   succinctly and accurately summarizes all of Garcia's causes of actions as they are presented

28   in the complaint and includes accurate, full citations to his complaint and the factual

1   allegations therein. The Court finds the R & R's presentation of the facts and the causes of

2   action is accurate and therefore this objection is without merit.

3        **B.    Failure to File a Government Claim with VCGCB**

4        Citing *Escamilla v. Dept. of Corr. and Rehab.*, 46 Cal. Rptr. 3d 408 (Cal. Ct. App.

5   2006), Garcia alleges he presented his claim to the California Department of Corrections and

6   Rehabilitation (CDCR), so he wasn't required to file a Government Claim with the VCGCB.

7   (Docket no. 25 at 5.)

8        But, *Escamilla* is inapposite to this case. There the relevant question was whether

9   Escamilla's claim was for money damages, or a writ of mandamus for a return of personal

10  property from a bailee. 46 Cal. Rptr. 3d. at 414–15.  If it was a claim for damages, then the

11  California Tort Claims Act's presentation requirement would have been triggered and

12  Escamilla would have been required to file a Government Claim with the VCGCB. If he was

13  instead seeking a writ of mandamus for recovery of his belongings from a bailee, then he

14  was not seeking damages and therefore the claims presentation requirement would not have

15  been triggered. *Id.* Contrary to Garcia's claims, in *Escamilla* the court found "Escamilla's

16  petition for writ of habeas corpus should be treated as a petition for writ of mandamus

17  seeking specific recovery of his personal property or its value, and therefore is *not* a 'claim

18  for money or damages' pursuant to § 905.2." *Id.* at 418 (emphasis added).

19       Unlike *Escamilla*, Garcia does not seek return of personal property from a bailee or

20  any relief that could reasonably be construed as such. Instead, Garcia requests the Court

21  grant injunctive relief instructing the prison to keep their law library copier in clear view of

22  inmates and grant damages of $500,000.00. (Docket no. 1 at 25.) Therefore, Garcia's

23  objection to the R & R's statement of the legal standard for exhaustion under the California

24  Tort Claims Act is without merit.

25       **C.    Garcia's Failure to Reply to the Motion to Dismiss**

26       Garcia objects to the R & R's mention that his failure to reply to the original motion to

27  dismiss may, under the Civil Local Rules, constitute consent to the granting of the motion,

28  because he is incarcerated and, as a pro se plaintiff, has little access to legal resources to

1    respond in a timely manner. (Docket no. 25 at 9–13). This argument is based on the

2    unfounded worry that the Court would dismiss the complaint without reviewing the motion to

3    dismiss or his objection. (*Id.* at 10.) While Garcia's failure to reply *could* constitute a consent

4    to the dismissal "or a request for ruling by the court," the R & R *did* consider the motion to

5    dismiss on its merits. The Court has also reviewed the motion to dismiss de novo on the

6    merits. Thus, this objection is unfounded.

7          **D.     R & R's Standard of Review**

8          Garcia objects to the R & R's representation of the standard of review for failure to

9    state a claim as so overly narrow that, if the Court were to follow the standard as set forth by

10   the R & R, it would deny him a fair hearing. (Docket no. 25 at 13–14.)

11         With regard to the general principles of law for 12(b)(6) motions to dismiss pro se

12   claims, the R & R's presentation is substantially similar to Garcia's presentation. In fact, both

13   presentations of the standard of review cite to several of the same cases on the same points

14   of law. (*Compare* Docket no. 21 at 3 *with* Docket no. 25 at 15–17.) There is one minor

15   addition that was not mentioned in the R & R's recommendation: Garcia correctly cites

16   *Karim-Panahi* for the proposition that the court must provide a pro se plaintiff a statement of

17   deficiencies before it may dismiss the complaint with prejudice. 839 F.2d 621, 625 (9th Cir.

18   1988).  However, the R & R, dismissed  Garcia's claim *without* prejudice.  The objection is

19   without merit.

20   **IV.    Conclusion and Order**

21         For these reasons,  Garcia's objections to the R & R are **OVERRULED**. The Court

22   **ADOPTS** the R & R. The Defendant's motion to dismiss is **GRANTED**. Garcia's state law

23   claims are **DISMISSED WITHOUT PREJUDICE**.

24         **IT IS SO ORDERED**.

25   DATED:  September 8, 2015

26                                          *Larry A. Burns*

27                                          **HONORABLE LARRY ALAN BURNS**
                                            United States District Judge

28