1

2

3

4

5

6

7

8              UNITED STATES DISTRICT COURT

9           SOUTHERN DISTRICT OF CALIFORNIA

10

11   Ruben Dario Garcia, Jr. ,                    Case No.:  14cv875-LAB-BGS

12                              Plaintiff,
                                              **ORDER DENYING PLAINTIFF'S**
13   v.                                        **MOTION TO COMPEL**

14   Blahnik et al,

15                              Defendant.

16

## I.    BACKGROUND

Plaintiff Ruben Garcia alleges that between April 2012 and August 2013, certain members of the prison staff at R.J. Donovan Correctional Facility retaliated against him by charging him with disciplinary violations, failing to process his inmate grievances, and suspending his position on the prison's Mens' Advisory Council.  (ECF No. 1. at 5-18.)

### a.  Plaintiff's First Set of Discovery

On December 15, 2015, Plaintiff served Defendants with twenty-seven Requests for Admissions, in addition to Interrogatories and Requests for Production of Documents. (Declaration of Christopher H. Findley in Support of Opposition to Motion to Compel "Findley Decl." Ex. 1.)  The Requests for Admissions asked that each Defendant admit that they had received the proper training and were aware of the applicable regulations governing prisoners and correctional officers.  The Requests for Admissions also asked

1

1    Defendants to authenticate the general chronos and rules violation reports on which

2    Plaintiff bases his claims.  Defendants responded to this discovery, and admitted they

3    were properly trained and familiar with the applicable regulations and admitted the

4    authenticity of the documents at issue.  (Findley Decl. Ex. 2.)  Defendants also responded

5    to Plaintiff's Interrogatory requests and Requests for Production of Documents.  (Findley

6    Decl. Ex. 3.)  This first set of discovery is not the basis of Plaintiff's Motion to Compel.

7    **b.  Plaintiff's Second Set of Discovery**

8    On March 6, 2016, Plaintiff served a second set of discovery, which included

9    Requests for Admissions, Requests for Production of Documents, and Interrogatories.

10   (Findley Decl. Exs. 3, 4, 5, 6.)  Defendants responded on April 8, 2016.  (Findley Decl.

11   Exs. 7, 8, 9, 10.)  It is this second set of discovery that is in dispute in Plaintiff's Motion

12   to Compel.  All references to Interrogatories, Requests for Production of Documents, and

13   Requests for Admissions refer to this second set of discovery, unless stated otherwise.

14   **II.   PROCEDURAL POSTURE**

15   Plaintiff filed a Motion to Compel on April 20, 2016.  (ECF No. 46.)  On April 21,

16   2016, the Court set forth a briefing schedule on Plaintiff's motion.  On April 29, 2016,

17   Plaintiff filed a supplemental brief in support of his motion to compel.  (ECF No. 51.)

18   Thereafter, the Court updated the briefing schedule to allow Defendants additional time

19   to respond.  (ECF No. 52.)  Defendants filed their opposition on May 31, 2016.  (ECF

20   No. 55.)  Plaintiff filed a reply on June 17, 2016, *nunc pro tunc*, June 14, 2016.  (ECF

21   No. 57.)

22   **III.   TIMELINESS OF RESPONSES**

23   Plaintiff argues that Defendants did not timely respond to his discovery requests.

24   (ECF No. 46 at 4.)  Defendants were required to respond to Plaintiff's discovery within

25   thirty days.  *See* Fed. R. Civ. P. 33(b)(2)(setting forth the deadline to respond for

26   interrogatories); Fed. R. Civ. P. 34(b)(2)(A)(setting forth the deadline to respond for

27   requests for production of documents); Fed. R. Civ. P. 36(a)(3)(setting forth the deadline

28   to respond for requests for admission).  Moreover, the Federal Rules allow for a three day

1  extension when discovery is served by mail.  *See* Fed. R. Civ. P. 6(d).

2      Plaintiff's discovery is dated March 6, 2016 (Findley Decl. Exs. 3-6) and was

3  served by mail.  (*Id.* at ¶ 4.)  Defendants were required to respond thirty-three days later,

4  by April 8, 2016.  Defendants served their responses by mail on April 8, 2016.  (Findley

5  Decl. ¶ 5.)  Defendants' responses were, therefore, timely.

6  **IV.    FAILURE TO MEET AND CONFER**

7      Defendants argue that Plaintiff's Motion to Compel should be denied because he

8  failed to meet and confer with Defendants to attempt to resolve the discovery disputes

9  informally.  (ECF No. 55 at 5.)  Civil Local Rule 26.1 provides, "The court shall entertain

10  no motion pursuant to Rules 26 through 37, Fed. R. Civ. P., unless counsel shall have

11  previously met and conferred concerning all disputed issues."  S.D. Cal. Civ. R. 26.1(a).

12  Counsel for the moving party must serve and file a certificate of compliance with this

13  rule when filing a discovery motion.  S.D. Cal. Civ. R. 26.1(b).  Additionally, Federal

14  Rule of Civil Procedure 37 provides that a motion to compel discovery responses "must

15  include a certification that the movant has in good faith conferred or attempted to confer

16  with the person or party failing to make the disclosure or discovery in an effort to obtain

17  it without court action."  Fed. R. Civ. P. 37(a)(1).

18      Rules requiring meet-and-confer efforts apply to *pro se* litigants.  *Madsen v.*

19  *Risenhoover*, No. C 09–5457 SBA (PR), 2012 WL 2873836, at *3 (N.D. Cal. June 28,

20  2012) (finding that the meet-and-confer requirement applies to incarcerated individuals,

21  but noting that the incarcerated plaintiff may send a letter to defendants); *Walker v. Ryan*,

22  No. CV–10–1408–PHX–JWS (LOA), 2012 WL 1599984, at *2–3, at *5–6 (D. Ariz. May

23  7, 2012) (denying motion to compel where unrepresented party did not include a

24  certification of attempts to meet and confer); *see Jourdan v. Jabe*, 951 F.2d 108, 109 (6th

25  Cir. 1991) (discussing that although courts should liberally construe *pro se* plaintiffs'

26  pleadings and legal arguments, this liberality does not apply to compliance with

27  straightforward procedural requirements).

28      A court can deny a motion to compel solely because of a party's failure to meet

1    and confer prior to filing the motion.  *Scheinuck v. Sepulveda*, No. C 09–0727 WHA

2    (PR), 2010 WL 5174340, at *1–2 (N.D. Cal. Dec. 15, 2010); *see Shaw v. Cnty. of San*

3    *Diego*, No. 06–CV–2680–IEG (POR), 2008 U.S. Dist. LEXIS 80508, at *3–4 (S.D. Cal.

4    Oct. 9, 2008) (denying plaintiff's motion to compel for failing to attempt to meet and

5    confer.)  Nonetheless, courts can still decide a motion on the merits despite a failure to

6    meet and confer.  *See Marine Group, LLC v. Marine Trvelift, Inc.*, No. 10cv846–BTM

7    (KSC), 2012 WL 1155971, at *2–3 (S.D. Cal. Apr. 6, 2012) (explaining failure to meet

8    and confer is grounds for denying a motion, but still addressing the merits).

9        Plaintiff failed to meet and confer with Defendants' attorney prior to filing this Ex

10   Parte Motion to Compel Discovery.  Even so, Plaintiff's incarcerated status frustrates his

11   ability to meet and confer.  *See Kunkel v. Dill*, No. 1:09–cv–00686–LJO–SKO PC, 2010

12   WL 4530225, at *3 (E.D. Cal. Nov. 2, 2010) (stating that counsel must make themselves

13   reasonably available to the incarcerated party in person, via telephone, or via video

14   conference for a meet and confer.)  Although Plaintiff could have attempted to confer

15   with counsel by telephone or mail, his failure to do so, without more, does not warrant an

16   outright denial of his Motion to Compel.  *See Marine Group LLC*, 2012 WL 1155971, at

17   *2–3.  For the purposes of this Motion, the Court will waive the meet and confer

18   requirement.  *See* S.D. Cal. Civ. R. 1.1(d).  Nevertheless, additional motions will not be

19   entertained absent certification by the moving party of compliance with the meet-and-

20   confer requirement.  *See* S.D. Cal. Civ. R. 26.1(a).

21   **V.   INTERROGATORIES**

22       Plaintiff's Interrogatories requested that Defendants list their specific post duties.

23   (*See* Findley Decl., Exs. 3, 4.)  In his Motion to Compel, Plaintiff argues that Defendants'

24   responses "did not respond these specifically made Interrogatories, and the primary

25   reason for these conclusions seems to be lost to his jailhouse lawyers assistance and

26   Garcia himself."  (ECF No. 51 at 20.)  Defendants contend that they described each of

27   their post assignments in detail, and fully responded to Plaintiff's Interrogatories.  (ECF

28   No. 55 at 7.)  Defendants state that there is "no greater detail available" and they cannot

1   more fully respond to these Interrogatories.  (*Id.*)

2   Interrogatories "must, to the extent it is not objected to, be answered separately and

3   fully in writing under oath." Fed. R. Civ. P. 33(b)(3).  The Court cannot compel

4   Defendants to provide information they claim does not exist.  Nor has Plaintiff explained

5   why he believes Defendants' responses to the Interrogatories are insufficient.  As a result,

6   the Court finds that Defendants adequately responded to Plaintiff's Interrogatories.

7   Moreover, Defendants confirmed under oath that they provided all available information,

8   and the Court has no reason to question that claim.  Therefore, Plaintiff's Motion to

9   Compel further responses to Plaintiff's Interrogatories is **DENIED**.

10  **VI.    REQUESTS FOR PRODUCTION OF DOCUMENTS**

11  Plaintiff's request for Production of Document Nos. 1-4 are almost identical,

12  and seek the same information from all defendants.  Request for Production No. 1,

13  for example, requests the following:

14  Any and all CDCR business records setting forth in writing what were those

15  post assignment duties and responsibility defendants were to adhere to when

16  defendants E. Mendoza, S. Rutledge, C. Hernandez, acted as "reviewing

17  Supervisors" in the matters of RVR-115 cases # FC-13-061, # FC-13-378, #

18  FC-13-366.  Such documents should include any pertinent/relevant CDCR

19  Operative Procedures; Codes; Departmental Operations Manual; CDCR

20  Written Correspondences, CDCR Memorandums; CDCR Notes; CDCR

21  Administrative Bulletins; CDCR Informational Bulletins; CDCR

22  Understanding of Training Acknowledgement Forms; CDCR Training

23  Module Test Forms etc.

24  (Findley Decl. Ex. 5.)

25      **a.  Defendants Provided Responsive Documents Regarding their Post**

26          **Assignment Duties**

27  Plaintiff's Motion to Compel argues that Defendants should be required to

28  produce the requested documents because they are relevant to his claims and not

1  protected by privilege.  (ECF No. 51 at 18.)  In response, Defendants explain that

2  they produced "all responsive documents related to Defendants' post assignment

3  duties on the dates Plaintiff specified."  (ECF No. 55 at 7 citing Findley Decl. Ex.

4  9.)  Defendants further state that they "did not withhold documents on the grounds

5  that they were privileged."  (ECF No. 55 at 7 citing Findley Decl. ¶ 7.)  Because

6  Defendants state that they produced all responsive documents, the Court cannot

7  compel them to produce documents they claim do not exist.  Nor has Plaintiff

8  explained why he believes the production is insufficient.  Therefore, the Court

9  finds that Plaintiff's Motion to Compel documents regarding Defendants' post

10  assignment duties is **DENIED**.

### b.  Plaintiff's Request for CDCR Training Acknowledgement Forms

12  Based on Plaintiff's statement in his Motion to Compel that the requested

13  documents "can establish the specific training defendants possessed" at the

14  relevant time periods (ECF No. 51 at 19), Defendants surmise that Plaintiff

15  expected production of CDCR Training Acknowledgement Forms, which

16  Defendants admit they did not produce.

17  Defendants explain that they read Plaintiff's mention of CDCR Training

18  Acknowledgement Forms as an inconsistent instruction, and did not produce them

19  on that basis.  (ECF No. 55 at 8.)  Defendants further state that, to the extent the

20  request is interpreted by the Court to include the training acknowledgement forms,

21  Defendants "properly objected on the grounds that such records are not reasonably

22  calculated to lead to the discovery of admissible evidence."  (*Id.* citing Findley

23  Decl. Ex. 9.)  Moreover, Defendants also explain that they already admitted in

24  Plaintiff's first set of Requests for Admission that "(1) they are required to comply

25  with all applicable laws, trained to comply with all such laws, and have received

26  the necessary training to comply with all such laws and regulations."  (*Id.* citing

27  Findley Decl., Ex. 2, RFAs 2-10.)

28  ///

### c. Relevant Law

Federal Rule 26(b)(2)(C) requires the court, on motion or on its own, to limit the frequency or extent of discovery otherwise allowed by the rules if it determines that (1) "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;" (2) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action;" or (3) "the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C)(i)-26(b)(2)(C)(iii). The Court must also limit discovery when "the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

### d. Discussion

The Court agrees that Plaintiff's Request is confusing, but finds that Plaintiff's explicit mention of CDCR Training Acknowledgement Forms clarifies any ambiguity that his request sought these specific forms. Moreover, the Court agrees with Plaintiff that such training forms are relevant to his claims in this case. However, the Court also finds that such documents are duplicative of other discovery in this case wherein Defendants admitted that they were properly trained in the relevant regulations and procedures. (ECF No. 55 at 8 citing Findley Decl., Ex. 2, RFAs 2-10.) Admissions narrow the scope of the case by removing issues from the case once and for all. (*See* Adv. Comm. Note to 1970 Amendment to Fed. R. Civ. P. 36.) Requiring Defendants to produce documents that are likely to prove a fact already admitted would be duplicative. Therefore, based on this Court's inherent power to restrict discovery that "is unreasonably cumulative or duplicative," Plaintiff's Motion to Compel further documents in response to his Request for Production of Documents is **DENIED**. *See* Fed. R. Civ. P. 26(b)(2)(C)(i).

## VII.   REQUESTS FOR ADMISSION

Plaintiff argues that the Requests for Admission that he seeks are relevant to the

1  issues in his case.  (ECF Nos. 46, 51.)  Defendants object to the propounded Requests for

2  Admission because they exceeded the amount allowed under the Local Rules, and

3  because they improperly sought admissions on pure issues of law.  (ECF No. 55 at 8.)

4  The Court agrees with Defendants that they are not required to respond to Requests for

5  Admission that exceed the amount allowed under Local Rule 36.1(a).  *See* Fed. R. Civ. P.

6  26(b)(2) ("By order or local rule, the court may also limit the number of requests under

7  Rule 36.")  Defendants' objections on this basis are **GRANTED** and Plaintiff's Motion to

8  Compel further answers to any of his Requests for Admission is **DENIED**.

9  **VIII.    CONCLUSION**

10         Plaintiff's Motion to Compel further responses to his second set of Interrogatories

11  is **DENIED**.

12         Plaintiff's Motion to Compel further responses to his second set of Requests for

13  Production of Documents is **DENIED**.

14         Plaintiff's Motion to Compel further responses to his second set of Requests for

15  Admission is **DENIED**.

16         IT IS SO ORDERED.

17

18  Dated:  July 15, 2016

19                                                                  Hon. Bernard G. Skomal

20                                                                  United States Magistrate Judge

21

22

23

24

25

26

27

28