UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Ruben Dario Garcia, Jr., <br><br> Plaintiff, <br><br> v. <br><br> R. Blahnik, et al., <br><br> Defendant. | Case No.: 14cv875-LAB-BGS <br><br> **ORDER DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL** |

## I.  Introduction

Plaintiff Ruben Dario Garcia, Jr., ("Plaintiff" or "Garcia"), a prisoner proceeding *pro se* and *In Forma Pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983. (ECF No. 1.)  Plaintiff filed this Motion to Appoint Counsel on April 29, 2016 (ECF No. 49.)  In support of his request, Plaintiff asserts that (1) he cannot afford to hire an attorney, (2) the case involves complex legal issues, (3) he lacks legal education, (4) he has an unspecified psychiatric disorder and takes anti-psychotic medication, (5) he is unable to conduct discovery, (6) Plaintiff lacks articulation, and (7) appointed counsel would promote judicial economy.  (ECF No. 49 at 12-19.)

## II.  Legal Standard

"The court may *request* an attorney to represent any person unable to afford counsel." 28 U.S.C.A. § 1915 (e)(1) (West 2006) (emphasis added).  However, "it is

well-established that there is generally no constitutional right to counsel in civil cases." *United States v. Sardone*, 94 F.3d 1233, 1236 (9th Cir. 1996) (citation omitted). Moreover, a civil litigant does not have a right to appointed counsel to pursue a § 1983 claim. *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (citing *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981)); *see also Hedges v. Resolution Trust Corp.* (*In re Hedges*), 32 F.3d 1360, 1363 (9th Cir. 1994) ("[T]here is no absolute right to counsel in civil proceedings.") (citation omitted). Federal courts do not have the authority "to make coercive appointments of counsel." *Mallard v. United States District Court*, 490 U.S. 296, 310 (1989); *see also United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995).

Nevertheless, district courts have considerable discretion, pursuant to 28 U.S.C. § 1915(e)(1), to "request" that an attorney voluntarily represent a civil litigant proceeding *In Forma Pauperis* upon a finding of "exceptional circumstances." *United States v. 30.64 Acres of Land*, 795 F.2d 796, 799-800 (9th Cir. 1986); *See Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004); *Rand*, 113 F.3d at 1525. A finding of exceptional circumstances requires an evaluation of the plaintiff's likelihood of success and ability to articulate his claims "'in light of the complexity of the legal issues involved.'" *Agyeman*, 390 F.3d at 1103 (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)). "'Neither of these factors is dispositive and both must be viewed together before reaching a decision.'" *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991) (quoting *Wilborn*, 789 F.2d at 1331).

**III.   Analysis**

    **A. <u>Likelihood of Plaintiff's Success on the Merits</u>**

Garcia must demonstrate that his non-frivolous claim is likely to succeed on the merits. *See Wilborn*, 789 F.2d at 1331. Where the court has insufficient information to determine the likelihood of success, the likelihood of success factor does not support a finding of exceptional circumstances. *See Garcia v. Smith*, No. 10cv1187 AJB (RBB), 2012 U.S. Dist. LEXIS 89147, at *10 (S.D. Cal. June 27, 2012).

Garcia's Complaint alleges causes of action against twelve prison officials for: (1) retaliation in violation of the First Amendment (ECF No. 1 at 5); (2) denying his right to equal protection under the California Constitution (*id.* at 22); (3) violation of his right to privacy under the California Constitution (*id.* at 7, 9, 22-23.); and (4) retaliation for filing inmate appeals in violation of California law (*id.* at 22). The state law claims were dismissed without prejudice for failure to file a Government Claim with the Victims Compensation and Government Claims Board. (ECF Nos. 21, 26.) The only surviving claim is for retaliation in violation of Garcia's First Amendment rights relating to the filing of prisoner grievances. (*Id.*) Garcia asserts that he was subjected to disciplinary proceedings in retaliation for his filing of numerous administrative appeals. (ECF No. 1)

Government officials may not retaliate against prisoners who exercise their First Amendment rights. *Vignolo v. Miller*, 120 F.3d 1075, 1077-78 (9th Cir. 1997). Plaintiff must establish each of the following in order to prevail on his claim of retaliation: (1) prison officials took adverse action against the inmate; (2) the adverse action was taken because the inmate engaged in protected conduct; (3) the adverse action actually chilled the inmate's First Amendment rights; and (4) the adverse action did not serve a legitimate penological purpose. *Rhodes v. Robinson*, 408 F.3d 559, 568 (9th Cir. 2005).

When the court evaluates retaliation claims, prison officials are generally accorded deference regarding whether conduct serves a legitimate penological purpose. *See Pratt v. Rowland*, 65 F.3d 802, 807 (9th Cir. 1995). However, prisoner retaliation allegations are reviewed with particular care. *Colon v. Coughlin*, 58 F.3d 865, 872 (2d Cir. 1995).

Garcia did not address the likelihood of success on the merits in his motion, and the likelihood of success is not evident from the face of his complaint. (ECF No. 1, 49.) Discovery is now closed. The defendants have filed a motion for summary judgment on August 8, 2016. (ECF No. 54.) Give above, the Court has insufficient information to evaluate whether Plaintiff's retaliation claims will survive summary judgment. Therefore, this factor does not support a finding of exceptional circumstances, warranting a judicial request for a voluntary legal counsel.

### B. Plaintiff's Ability to Proceed Without Counsel

A finding of exceptional circumstances requires an evaluation of Plaintiff's ability to articulate his claims in light of the complexity of the issues involved. *Agyeman*, 390 F.3d at 1103 (citing *Wilborn*, 789 F.2d at 1331). Garcia asserts that the facts and legal issues of his case are complex and extremely difficult for Garcia to proceed without an appointed counsel because: (1) he is unable to conduct discovery, (2) he lacks articulation and legal education, and (3) he has a psychiatric disorder and takes anti-psychotic medication. (ECF No. 49 at 14-18.)

### 1. Plaintiff's cause of action and discovery dispute are not overly complex.

A case involving a single cause of action against prison officials for retaliation, which relate to "Plaintiff's allegations that he was harassed and/or threatened by Defendants in retaliation for filing an administrative appeal, or that certain Defendants filed false incident reports against him" is not overly complex. *See Garcia v. Smith*, No. 10cv1187 AJB (RBB), 2014 U.S. Dist. LEXIS 5921, at *14 (S.D. Cal. Jan. 16, 2014) (citing *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997))(denying appointment of counsel request where single cause of action of retaliation remained); *see also Garcia v. Strayhorn*, No. 3:13-cv-0807 BEN (KSC), 2016 U.S. Dist. LEXIS 72231, at *4 (S.D. Cal. June 1, 2016) (denying appointment of counsel request where single cause of action of retaliation remained). Garcia's only surviving cause of action against defendants, twelve prison officials, is retaliation for Garcia's filing of numerous administrative appeals. (ECF No. 1, 21, 26.) Therefore, Garcia's current cause of action is not overly complex.

Additionally, Garcia argues that his case was complex because it involved a discovery dispute. Fact discovery closed on May 12, 2016. (ECF No. 44 at 2-3.) As of August 15, 2016, there are no discovery disputes pending before the Court. Garcia's argument regarding complexity due to his case involving a discovery dispute is moot.

///

///

## 2. Plaintiff is articulate notwithstanding Plaintiff's lack of legal education.

After a review of the instant motion, the documents submitted by Plaintiff in support thereof, and the documents filed by Plaintiff to date, the Court finds Plaintiff has a sufficient grasp of the case, the legal issues involved, and is able to adequately prosecute the case without appointed counsel.  Throughout this litigation, Plaintiff has filed a complaint, (ECF No. 1), an objection to report and recommendation, (ECF No. 25), a notices of appeal, (ECF No. 28), a motions for an extension of time, (ECF No. 43,), a motion to compel discovery, (ECF No. 46), supplemental briefing regarding his motion to compel discovery, (ECF No. 51), and a reply to response to Motion for Discovery, (ECF No. 57).  In each of the aforementioned documents, Plaintiff has clearly articulated his legal theories, and despite his alleged legal shortcomings, has demonstrated that he is capable of prosecuting his case without counsel.

*Pro se* litigants are afforded some leniency to compensate for their lack of legal training.  *See Garcia v. Strayhorn*, No. 3:13-cv-0807 BEN (KSC) (S.D. Cal. May 14, 2015) (Denying Ruben Dario Garcia, Jr., motion to appoint counsel).  "In civil rights cases where the plaintiff appears *pro se*, the court must construe the pleadings liberally and must afford plaintiff the benefit of any doubt."  *Jackson v. Carey*, 353 F.3d 750, 757 (9th Cir. 2003) (internal citation omitted).  This also applies to motions.  *Bernhardt v. Los Angeles County*, 339 F.3d 920, 925 (9th Cir. 2003).  Accordingly, plaintiff's *pro se* status will be taken into consideration by the Court when his filings are reviewed.

## 3. Plaintiff's psychiatric disorder alone is not an exceptional circumstance.

Plaintiff asserts that the "Enhanced Outpatient" treatment for Plaintiff's mental illness inhibits his ability to function and limits his access to legal resources. (ECF No. 49 at 5-6.)  Plaintiff alleges the side effects of Plaintiff's anti-psychotic medication obstructs his "ability to concentrate, think, understand, comprehend. . . ." (*Id.* at 5.)  Furthermore, Plaintiff alleges the prison library is only accessible on Fridays because

Plaintiff has "daily therapy." (*Id.* at 6.)

Plaintiff must plead facts which show he has an insufficient grasp of his case or the legal issues involved and an inadequate ability to articulate the factual basis of his claim. *Agyeman*, 390 F.3d at 1103. Plaintiff has not plead sufficiently specific facts relating to his psychiatric disorder and anti-psychotic medication. The Court notes there is a broad range of psychiatric disorders and anti-psychotic medications with differing symptoms and side effects, respectively. Additionally, Plaintiff did not specify when he was admitted to the "Enhanced Outpatient" treatment.

Nevertheless, Plaintiff's psychiatric disorder and limited access to the law library have not prevented him from filing a well-articulated complaint and other motions with the Court. (*See* ECF Nos. 1, 25, 28, 43, 46, 51, 57.) Therefore, this factor does not support a finding of exceptional circumstances, warranting a judicial request for a voluntary legal counsel.

## IV. Conclusion

For the foregoing reasons, the Court finds that Plaintiff has not alleged the requisite "exceptional circumstances" and hereby DENIES Plaintiff's Request for Appointment of Counsel without prejudice.

**IT IS SO ORDERED.**

Dated: August 15, 2016

Hon. Bernard G. Skomal
United States Magistrate Judge